## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

**J. M. LIBBRA**,

      Plaintiff,

      vs.

**MERCER INVESTMENTS LLC and
MERCER (US) LLC**,

      Defendants.

Case No. 4:26-CV-00410

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Mercer Investments, LLC ("Mercer") and Mercer (US), LLC ("Mercer US") (collectively "Defendants") hereby remove to the United States District Court for the Eastern District of Missouri the above-captioned action styled *J. M. Libbra v. Mercer Investments LLC and Mercer (US) LLC*, Case No. 2622-CC00273, currently pending in the Circuit Court of St. Louis City, Missouri. Defendants remove this case on the grounds of diversity of citizenship. In support of their Notice of Removal, Defendants state as follows:

## I.    THE STATE COURT ACTION

1.    On February 8, 2026, Plaintiff J. M. Libbra ("Plaintiff") filed a Petition in the Circuit Court of St. Louis City, Missouri, in an action titled *J. M. Libbra v. Mercer Investments LLC and Mercer (US) LLC*, Case No. 2622-CC00273 (the "State Court Action").

2.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants in the State Court Action are attached as **Exhibit A**.

3.    On February 20, 2026, Plaintiff served Defendants' respective registered agents with a civil summons and a copy of the Petition. *See* **Exhibit A**. Based on the foregoing,

1

Defendants are timely filing this Notice of Removal within 30 days of service of Plaintiff's Petition pursuant to 28 U.S.C. § 1446(b)(1). No further actions or proceedings have been served on Defendants at this time.

4.  In his Petition, Plaintiff asserts claims for age and disability discrimination and retaliation under the Missouri Human Rights Act ("MHRA"). **Exhibit A**, *Petition*. Plaintiff's Petition further alleges discrimination for exercising his workers' compensation rights under Missouri's Workers' Compensation Laws ("MWCL"). *Id*.

5.  By removing this action, Defendants do not waive any defenses or objections that it may have, including but not limited to, sufficiency of process, service of process, or personal jurisdiction.

## II.   VENUE

6.  The United States Supreme Court has held that, under 28 U.S.C. § 1446(a),  a defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* Thus, courts should apply "the same liberal rules [to removal allegations] that are applied to other matters of pleading," and the notice of removal "need not contain evidentiary submissions." *Id.* at 551.

7.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 105 and 1446(a), as the United States District Court for the Eastern District of Missouri geographically embraces the state court in St. Louis City, Missouri, in which Plaintiff filed his state court action.

## III.   DIVERSITY JURISDICTION

8.  Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over all actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and

costs, and in which there is complete diversity of citizenship among the parties that have been properly joined. Here, the Court also has jurisdiction over this matter on the basis of diversity jurisdiction.

### A.    *Plaintiff and Defendants are Diverse*

9.    For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

10.    For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and means the state where an individual is physically present and intends to make his or her home indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

11.    Plaintiff admits in his Petition that he is a resident of the state of Missouri. **Exhibit A**, *Petition* at ¶ 1. Plaintiff is a citizen of the state of Missouri.

12.    Mercer and Mercer (US) are both limited liability companies. For the purposes of diversity jurisdiction, a limited liability company's citizenship is deemed to be "the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "If any member of an LLC is itself an LLC, citizenship may need to be 'traced through multiple levels.'" *Cosgrove v. KRR Legends*, LLC, 2015 WL 1426327 at *1 (D. Kan. Mar. 27, 2015) (*quoting Mutual Assignment & Indemnification C. v. Lind-Waldeck & Co.*, 364 F.3d 858, 861 (7th Cir. 2004)). *See also Fountain Plaza Finannce, LLC v. Centrue Bank*, 2014 WL 5420793, at *2 (E.D. Mo. 2014) (holding that citizenship of an LLC must be determined by tracing through however many layers of members there may be in order to establish diversity jurisdiction).

13.     For diversity purposes, a "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has a principal place of business."   28 U.S.C. § 1332(c)(1).   A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporations activities . . . in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

14.     Mercer is a limited liability company organized in the State of Delaware with its principle place of business and principle executive office located in Boston, Massachusetts. *See* **Exhibit B**, *Declaration of Hannah D'Angelo* at ¶ 5. Mercer's sole member is Mercer (US). *Id*. Mercer (US) is a limited liability company organized in the State of Delaware with its principle place of business in New York, New York. *Id*. at ¶ 6. Mercer (US)'s sole member is Marsh & McLennan Companies, Inc. *Id*. Marsh & McLennan Companies, Inc. is incorporated in the State of Delaware, and it's principal place of business is New York, New York. *Id*. at ¶ 7. Therefore, Mercer and Mercer (US) are citizens of Delaware and New York and not citizens of Missouri for purposes of diversity jurisdiction.

15.     In summary, Plaintiff is a citizen of Missouri and Defendants are citizens of Delaware and New York; accordingly, the parties are completely diverse. Because there is complete diversity of citizenship between Plaintiff and Defendants, the diversity requirement is satisfied.

### B.     *The Amount in Controversy Exceeds $75,000*

16.     Diversity jurisdiction pursuant to § 1332(a) also requires the amount in controversy, exclusive of interests and costs, be in excess of $75,000.

4

17.     Where, as here, removal is based on diversity of citizenship, and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

18.     Although Defendants dispute Plaintiff's allegations and deny they are liable to Plaintiff, it is clear that the amount *in controversy* in this action exceeds $75,000, exclusive of interest and costs. The standard for determining whether the jurisdictional threshold has been satisfied is "whether a fact finder might legally conclude" that a plaintiff's damages exceed $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002), citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834-35 (8th Cir. 2003) (amount in controversy is the potential value of plaintiff's claims, not the amount pled or the actual verdict). Defendants need only show by a preponderance of the evidence that "the claims originally asserted by [the plaintiff] could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramer Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005).   Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

19.     Moreover, when state law allows a plaintiff to seek punitive damages, the claim "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Frump ex rel. Aubuchon v. Claire's Boutiques, Inc.*, No. 10-1106-CV-W-SWH, 2011 WL 1103055, *4 (W.D.

Mo. Mar. 22, 2011).

20.     The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. In his Petition, Plaintiff states that he is seeking lost wages and benefits, compensation for emotional distress, punitive damages, attorneys' fees and other relief deemed just and proper. Exhibit A, Petition at ¶¶ 164, 173, 180, *Prayer for Relief*.

21.     On December 31, 2024, at the end of Plaintiff's employment with Mercer (US), his base compensation was $216,400.00 ($8,323 bi-weekly) per year. **Exhibit B** at ¶ 9. This means Plaintiff earned $18,033.33 per month ($216,400.00/12 = $18,033.33). As such, based on the approximately fifteen (15) months since the December 31, 2024 end of his employment, Plaintiff's lost wages claims could be approximately $270,500.00. Further, this matter will likely not proceed to trial until 27 months from now.[1] Thus, the likely time of trial is approximately forty-two (42) months after the end of Plaintiff's employment from Mercer (US), at which time Plaintiff will have incurred about $757,399.86 in lost wages (not considering other types of damages alleged). *See Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (considering backpay awardable under the MHRA from time of termination to time of trial in calculation of amount in controversy).

22.     Courts consider economic and non-economic compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allision v. Sec. Benefit Life Ins. Co*., 980 F.2d 1213, 1215 (8th Cir. 1992).

23.     In considering the amount in controversy, different categories of damages asserted under the MHRA should be combined and aggregated with actual damages. *See e.g., Harris v.*

---

[1] According to Federal Judicial Caseload Statistics published as of June 30, 2025, the median time interval from filing to disposition at trial for civil cases in the Eastern District of Missouri is 27.0 months. Federal Judicial Caseload Statistics, U.S. District Courts – Median Time from Filing to Disposition of Civil Cases, by Action Taken, (June 30, 2025, available at https://www.uscourts.gov/data-news/data-tables/2025/06/30/statistical-tables-federal-judiciary/c-5).

*Meridian Med. Techs., Inc.*, No. 4:21-cv-00229 JCH, 2021 WL 1750154, at *2 (E.D. Mo. May 4, 2021) (denying motion to remand where plaintiff sought actual damages of $50,000 when other damages available under the MHRA were considered); *Polites v. Home Depot U.S.A., Inc.*, No. 4:13-cv-00143 CDP, 2013 WL 2420674, at *2-3 (E.D. Mo. June 3, 2013) (denying motion to remand discrimination case under the MHRA even though the plaintiff's compensatory damages were only $44,000 because combination of claims for compensatory, emotional, and punitive damages, along with attorneys' fees, would clearly permit a fact finder to potentially award "well in excess of the $75,000 threshold"); *White v. United Parcel Serv.*, No. 4:11-cv-00707 AGF, 2012 WL 760936, at *3 (E.D. Mo. Mar. 8, 2012) (concluding that $35,000 in alleged compensatory damages, combined with alleged emotional distress and punitive damages recoverable under the MHRA, was sufficient to meet the jurisdictional minimal requirement).

24.    Missouri courts routinely issue compensatory and punitive damages awards in MHRA cases, along with awards for attorneys' fees, that significantly exceed $75,000. *See Bowolak v. Mercy East Communities*, 452 S.W.3d 688 (Mo. Ct. App. E.D. 2014) (affirming award of $50,000 in compensatory damages, $500,001 in punitive damages, and $81,500 in attorneys' fees in MHRA disability discrimination case); *Trickey v. Kaman Inds. Tech. Corp.*, 705 F.3d 788 (8th Cir. 2013) (affirming awards of $160,000 for age discrimination, and $100,000 for retaliation, $500,000 in punitive damages, and $210,375.50 in attorneys' fees); and *Tate v. Autozoners, L.L.C.*, 363 S.W.3d 179 (Mo. Ct. App. 2012) (affirming award of $126,381.69 in attorneys' fees in MHRA case when compensatory damages awarded were $10,000).

25.    Here, Plaintiff's claim for lost wages alone, through trial, satisfies the jurisdictional minimum. Combined with his claims for emotional distress, punitive damages, and attorneys' fees, Plaintiff's alleged damages clearly exceed the $75,000 threshold, exclusive of interest and costs.

Based on the foregoing, the amount in controversy requirements for diversity jurisdiction is satisfied.

## IV. PLAINTIFF'S DISCRIMINATION FOR EXERCISE OF WORKERS' COMPENSATION RIGHTS CLAIM IS FRAUDULENTLY ASSERTED TO PREVENT REMOVAL

26.     Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Defendant recognizes that a claim under Mo. Rev. Stat. § 287.780 has been deemed to be a non-removable claim pursuant to 28 U.S.C. § 1445(c). *See Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998).

27.     However, Plaintiff's allegation that "this action is nonremovable because it raises a claim under the Missouri Workers' Compensation Law" is not only evidence of intent to avoid removal, but also untrue. **Exhibit A**, *Petition* at ¶ 6. An exception to § 1445(c)'s removal limitation exists "when a plaintiff fraudulently pleads an otherwise removable claim to avoid federal jurisdiction." *White v. Union Pac. R.R. Co.,* No. 4:19-CV-00080-DGK, 2019 WL 3400716, at *1 (W.D. Mo. July 26, 2019). Courts may pierce the pleadings in order to determine the issue of fraudulent joinder. *Pleasant v. Noble Fin. Corp.,* 54 F.Supp.3d 1071, 1075 (W.D. Mo. 2014).

28.     "A claim is fraudulently pleaded if it is 'so baseless…as to constitute a 'fraudulent attempt' to thwart removal." *Id*. (quoting *Farmers' Bank & Tr. Co. of Hardinsburg, Ky., v. Atchison, T. & S.F. Ry. Co*., 25 F.2d 23, 29 (8th Cir. 1928)). A district court's analysis is "limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk v. Terminix In't Co*., 628 F.3d 439, 445 (8th Cir. 2010). Federal jurisdiction attaches if such fraud is established. *Boyle v. Chicago, R.I. P. Ry. Co.,* 42 F.2d 633, 634 (8th Cir. 1930).

8

29. Courts also permit removal if a plaintiff's claims are based on conclusory allegations, not well-pleaded facts. *See e.g., Block v. Toyota Motor Corp.*, 665 F.3d 944, 950 (8th Cir. 2011) (affirming the district court's denial of plaintiff's motion to remand because, in part, "[plaintiff] has offered no reasonable basis in fact and law . . . The conclusory allegations in the complaint that the [d]efendants knew of the alleged defect are insufficient."); *In re Baycol Prod. Litig.*, Case No. 02-4835, 2003 WL 21223842, at *2 (D. Minn. May 27, 2003) (denying plaintiff's motion to remand because "[h]er conclusory allegations, however, will not defeat a finding of fraudulent joinder"); *Gardner v. J.C. Penney Corp.*, No. 4:04-cv-1535 JCH, 2005 WL 6267692, at *2 (E.D. Mo. May 2, 2005) ("conclusory allegations in a complaint will not defeat a finding of fraudulent joinder").

30. To establish a claim under Section 287.780, Plaintiff must show: (1) he was employed by the defendant before the injury; (2) he exercised a right under the MWCL; (3) the defendant discriminated against or discharged the plaintiff; and (4) the plaintiff's exercise of rights under MWCL was a motivating factor in his termination. *See Jackson v. Gen. Motors, LLC*, No.4:18-cv-1243 RLW, 2020 WL 3469334, at *34 (E.D. Mo. June 25, 2020) (citing Mo. Rev. Stat. § 287.780). Critically, a plaintiff asserting a discrimination claim for exercising their workers' compensation rights must show they suffered a workplace injury covered by the MWCL. *Omar v. Charter Communications, LLC*, 2025 WL 3482881, at *3 (W.D. Mo. Oct. 31, 2025).

31. Here, the fraudulent nature of Plaintiff's MWCL claim is the fact that, as a matter of law, Plaintiff has not plead sufficient facts, beyond conclusory allegations, showing that: (1) he suffered from an injury covered by the MWCL or that he was employed before the injury or (2) Plaintiff exercised a "right" under the MWCL.

9

32.     Plaintiff alleges suffering from a ▮▮▮▮▮ and "severe ▮▮▮ and ▮▮▮▮▮." **Exhibit A**, *Petition* at ¶¶ 39-42. Regarding his ▮▮▮▮▮, Plaintiff's Petition is devoid of any facts establishing that his ▮▮▮▮▮ "arose out of and in the course of" his employment with Defendants as required to be a covered injury under the MWCL. Mo Rev. Stat. § 287.120.1; *see also Clark v. Dairy Farmers of America*, 536 S.W.3d 801, 805 (Mo. Ct. App. S.D. 2018) (a claimant must also show the injury arose out of and in the course of the employee's employment). Absent an allegation that Plaintiff's ▮▮▮▮▮ arose out of and in the course of his employment with Defendants or that he was employed before the onset of his ▮▮▮▮▮, his claim cannot survive and is fraudulently joined.

33.     Further, Plaintiff's allegations that the discriminatory treatment he experienced "caused and would continue to cause" him severe ▮▮▮▮▮ renders his claim preempted by the MHRA and unrecoverable by the MWCL. **Exhibit A**, *Petition* at ¶ 39.

34.     Specifically, "certain injuries occurring in the workplace are not covered by the MWCL." *Omar v. Charter Communications, LLC*, 2025 WL 3482881, at *3 (W.D. Mo. Oct. 31, 2025). "If an employee alleges emotional distress resulting from discriminatory treatment or discharge by his or her employer . . . as opposed to arising out of the course of employment, the workers' compensation laws do not apply." *Id*. This is because the MHRA is an exception to the MWCL . . . emotional distress caused by discrimination is deemed to not be a workplace injury under the MWCL, making recovery for it under the MHRA possible." *Id*.

35.     Here, Plaintiff specifically alleges the discriminatory treatment he experienced from his manager "caused and would continue to cause" him severe ▮▮▮ and ▮▮▮▮▮. **Exhibit A**, *Petition* at ¶ 39. Plaintiff cannot now claim his ▮▮▮ and ▮▮▮▮ are workplace injuries because they did not "arise out of the course of his employment" but rather, stem from the

10

very discriminatory treatment he alleges he experienced and prohibited by the MHRA. *Omar*, at *3. Accordingly, Plaintiff's alleged ████ and ████ are not workplace injuries and rather, the result of alleged discriminatory treatment under and precluded by the MHRA. *Id.* at *4. Since Plaintiff has not alleged facts showing his alleged ████, ████, and ████ are not workplace injuries that "arose out of an in the course of employment" with Defendants, Plaintiff's MWCL claim fails and removal is permitted.

36.     Nor has Plaintiff pled facts establishing his exercise of rights under the MWCL. Although ambiguous at best, Plaintiff appears to allege an exercise of his MWCL rights by "reporting" his ████ and stress to his manager and taking leave for shoulder surgery. **Exhibit A**, *Petition* at ¶¶ 42, 65.    However, simply reporting an injury to a supervisor is also not enough to establish that plaintiff sought to exercise a right under MWCL. *Hall*, 2018 WL 3190763, at *6 ("To exercise a right under the workers' compensation law, courts have found an employee must demonstrate something more than the work injury occurring and the employee's report of the injury to a supervisor.").

37.     While Plaintiff alleges he disclosed his ████ and ████ to his supervisor, there are no facts that, if true, established he advised Defendants that his alleged impairments were negligently inflicted, work-related injuries. Indeed, as noted above, Plaintiff only alleges he spoke to his manager "about his ████" and ████, and that he took leave for surgery to address his ████, but Plaintiff's Petition lacks any facts that he reported a work-related injury to anyone at his employment. **Exhibit A**, *Petition*. For this additional reason, Plaintiff cannot establish he exercised his rights under the MWCL and his claim must fail thus permitting removal.

11

38.    Plaintiff's attempts to shoehorn in a claim for workers' compensation discrimination were made solely for the purpose of avoiding removal.  Accordingly, a fraudulently raised claim like Count I of Plaintiff's Petition should not be considered by the Court when evaluating the appropriateness of the removal.

## V.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

39.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Circuit Clerk for the Circuit Court of St. Louis County, Missouri, and will simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

40.    Defendant has attached all process, pleadings, and orders served upon it as reflected in **Exhibit A**, as required by 28 U.S.C. § 1446(a).

41.    A Civil Cover Sheet, **Exhibit C**, and Original Filing Form, **Exhibit D**, are filed contemporaneously with this Notice.

42.    By removing this action, Defendants do not waive any defenses or objections they may have, including but not limited to, sufficiency of process, service of process, and personal jurisdiction.

WHEREFORE, having fulfilled all statutory requirements, Defendants remove the above captioned matter to this Court from the Circuit Court of St. Louis City, Missouri, and requests the Court to assume full jurisdiction over the matter as provided by law and to permit this action to proceed before it.

Respectfully submitted,


*/s/ Benjamin R. Marble*
Daniel Johnson, Bar No. MO68996
dpjohnson@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street
Suite 1450
Kansas City, Missouri 64106
Telephone:    816.627.4449
Facsimile:    816.817.9962


Benjamin R. Marble, Bar No. MO69207
bmarble@littler.com
William O'Shea, Bar No. MO73881
woshea@littler.com
LITTLER MENDELSON, P.C.
7777 Bonhomme Ave
Suite 1220
Clayton, Missouri 63105
Telephone:    314.659.2000
Facsimile:    314.659.2099

*Attorneys for Defendants*

13

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on this 20th day of March, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

Sonal Bhatia
Edward (E.E. Keenan)
James R. Montgomery
Aaron Hadlow
Hilary J. Orzick
KEENAN & BHATIA, LLC
4625 Lindell Blvd.
Suite 200
St. Louis, MO 63108
sonal@keenanfirm.com
ee@keenanfirm.com
jr@keenanfirm.com
aaron@keenanfirm.com
hilary@keenanfirm.com

*Attorneys for Plaintiff*

*/s/ Benjamin R. Marble*