| **Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**02/08/2026**

> **Pet Filed in Circuit Ct**
> Petition Redacted.
> > **Filed By:** EDWARD EMMETT KEENAN
> > **On Behalf Of:** J.M. LIBBRA
> **CRIFS/Unredacted Document**
> Petition Unredacted.
> > **Filed By:** EDWARD EMMETT KEENAN
> > **On Behalf Of:** J.M. LIBBRA
> **Note to Clerk eFiling**
>
> > **Filed By:** EDWARD EMMETT KEENAN
> **Filing Info Sheet eFiling**
>
> > **Filed By:** EDWARD EMMETT KEENAN

**02/13/2026**

> **Motion Special Process Server**
> Motion for Approval Appointment of a Process Server.
> > **Filed By:** EDWARD EMMETT KEENAN
> **Proposed Order Filed**
> Proposed Order Appointing Special Process Server.
> > **Filed By:** EDWARD EMMETT KEENAN

**02/18/2026**

> **Order - Special Process Server**
> ORDER APPOINTING SPECIAL PROCESS SERVERS: It is hereby ordered that Mr. Libbra's Motion for an Order Appointing Special Process Servers is hereby sustained. Martin Hueckel, the approved process server for the City of St. Louis, employed by Hatfield Process Servers, is appointed to serve this action (see order for details) SO ORDERED: PRESIDING JUDGE CHRISTOPHER E. MCGRAUGH #36301.

**02/19/2026**

> **Summons Issued-Circuit**
> Document ID: 26-SMCC-1520, for MERCER INVESTMENTS LLC
> **Summons Issued-Circuit**
> Document ID: 26-SMCC-1521, for MERCER (US) LLC

**03/03/2026**

> **Notice of Service**
> Affidavit of Service - Mercer Investments LLC.
> > **Filed By:** EDWARD EMMETT KEENAN
> **Notice of Service**
> Affidavit of Service - Mercer Investments LLC.
> > **Filed By:** EDWARD EMMETT KEENAN
> **Notice of Service**
> Affidavit of Service - Mercer US LLC.
> > **Filed By:** EDWARD EMMETT KEENAN
> **Agent Served**
> Document ID - 26-SMCC-1521; Served To - MERCER (US) LLC; Served Date - 02/20/2026; Served Time - 14:36:06; Service Type - SP; Reason Description - SERV; Service Text -
> **Agent Served**
> Document ID - 26-SMCC-1520; Served To - MERCER INVESTMENTS LLC; Served Date - 02/20/2026; Served Time - 14:37:29; Service Type - SP; Reason Description - SERV; Service Text -

**03/10/2026**

> **Jury Trial Scheduled**
>
> > **Scheduled For:** 01/11/2027; 9:00 AM; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis



EXHIBIT

A

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
## (CITY OF ST. LOUIS)

| | | |
|---|---|---|
| **J. M. LIBBRA,** | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MERCER INVESTMENTS LLC,** | ) | |
| | ) | |
| RA:  CT Corporation System | ) | |
| 5661 Telegraph Rd, Suite 4B | ) | Case No. _____ |
| St. Louis, MO 63129 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MERCER (US) LLC,** | ) | |
| | ) | |
| RA:  CT Corporation System | ) | |
| 5661 Telegraph Rd, Suite 4B | ) | |
| St. Louis, MO 63129 | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## PETITION

Plaintiff J. M. Libbra, by and through counsel, states the following on personal knowledge as to his own acts and observations and on information and belief following reasonable investigation as to all other matters.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

## PARTIES

1.      Plaintiff Joseph M Libbra ("Libbra," "J.M. Libbra" or "Joe Libbra") formerly worked for Defendant Mercer Investments LLC ("Mercer"). He resides in Missouri and is a citizen of Missouri.

2.      Defendant Mercer Investments LLC is a Delaware limited liability company; the citizenship of its members is unknown.

3.      Defendant Mercer (US) LLC is a Delaware limited liability company; the citizenship of its members is unknown.

4.      While Mr. Libbra's paychecks came from Mercer Investments LLC, he interacted with people throughout the Mercer organization, which contains numerous entities, and he was subject to discriminatory and retaliatory treatment by people throughout the organization. Accordingly, he is also suing the general Mercer entity, Mercer (US) LLC, which is believed to have directed and overseen the policies and individuals involved here. Mr. Libbra intends this suit to be against any entity involved in illegal conduct. Collectively, Defendants are referred to as "Mercer" here and are referred to in the singular. Unless specifically noted, "Mercer" and "Defendant" are intended to refer to all named defendants.

5.      Defendants acted in one another's interests with respect to Mr. Libbra and his employment, and aided, abetted, incited, and or compelled one

2

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

another's actions, such that the acts of one are attributable to all here. All Defendants are "employers" within the meaning of the Missouri Human Rights Act (MHRA) and Missouri Workers' Compensation Law, and also qualify as aiders-and-abettors under the MHRA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under Mo. Const. art. V, § 14, and RSMo 478.070. No federal court has subject matter jurisdiction. Mr. Libbra raises no claim under federal law, and he expressly disclaims any relief or remedy arising under or founded upon federal law. The claims here arise solely under Missouri law, and this action is nonremovable because it raises a claim under the Missouri Workers' Compensation Law. *See* 28 U.S.C. § 1445(c); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995). Although some employers have previously attempted to improperly invoke federal jurisdiction by disregarding workers' compensation claims, courts have overwhelmingly rejected these attempts.

7. This Court has personal jurisdiction. In connection with the acts alleged here, Mercer transacted business and made contracts within Missouri, and all relevant events here occurred in Missouri.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

8.     Venue is proper in the City of St. Louis.  Among other facts, Mercer employed Mr. Libbra in the City of St. Louis and Mercer fired Mr. Libbra in the City of St. Louis.

## FACTS

9.     Plaintiff J. M. Libbra was born on REDACTED. He was 57 years old when Mercer fired him.

10.     Mr. Libbra worked diligently at Mercer for 17 years, from February 2008 until December 31, 2024.  He held the title Principal II–Senior Investment Consultant when Mercer fired him.

### *Mr. Libbra Lands Mercer Major Clients Early in His Career.*

11.     Mercer is a consulting company that helps employers make decisions about their employees' compensation and benefits, as well as investment of retirement and pension funds.

12.     In February 2008, Mercer hired Mr. Libbra as a Principal I – Senior Investment Consultant in its Wealth division.

13.     The Wealth division helps companies manage retirement plans, pension funds, and other investments offered to their employees.

14.     Mr. Libbra helped clients in two different ways. He either (a) advised clients on how to best invest accounts or (b) took full control over the clients' accounts and invested the money for them.

4

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

15. These clients paid Mercer either a flat annual fee or a percentage-based fee, based on the amount of money Mercer managed on the account. These fees were called "retainers".

16. Mr. Libbra was also responsible for getting new clients. He pitched Mercer's services to new clients and encouraged them to submit and try to get new accounts that way. Potential new clients submit Requests for Proposals ("RFPs") to Mercer. These RFPs were opportunities for consultants to pitch their services to the companies.

17. When Mr. Libbra joined Mercer, Mercer assigned him only two, low-revenue clients that were previously held by his manager, Doug Kryscio, with a combined annual retainer of $25,000-$30,000.

18. Mr. Libbra wanted to contribute more. He started responding to many RFPs with his ideas. Companies then called him in for multiple rounds of interviews, including "Finals" interviews, where a company hears pitches from a few, top candidates for their business.

19. Mr. Libbra excelled in pitching and presentations, and quickly landed high-value, high-impact clients for Mercer.

20. For example, in 2009, Mr. Libbra pursued and won the Greyhound Lines account, securing a $125,000 annual retainer with a 4.5%

5

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

annual escalator (meaning that the retainer would increase by 4.5% each year).

21. Year after year, Mr. Libbra won more pitches and brought in hundreds of thousands of dollars in retainers to Mercer.

22. From 2012-2015, Mr. Libbra poured an enormous effort into winning the American Bar Association Retirement Fund ("ABA RF") for Mercer.

23. ABA RF was and continues to be one of Mercer's largest revenue-generating clients, with a $4.5 million annual retainer.

24. As a condition of giving Mercer the account, ABA RF insisted that the primary and secondary consultants in charge of the account–or what they called the senior Service representative and primary Service representative–could not work with more than five other accounts. It states: "Neither the senior Service representative assigned to the Program nor the primary Service representative assigned to the Program shall be assigned to more than 6 total clients, including the Program."

25. Mr. Libbra was the Primary Service Representative on this account, and so he had to give up eight of his 14 clients, even though he had personally sourced and won them.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

26.    In 2016, in recognition of his efforts in securing the ABA RF account, Mercer made Mr. Libbra the Lead Investment Consultant. This was an internal title change, not reflected in the ABA RF contract, meaning that he would be the primary decision-maker for the account. He was still capped by the six-client limit.

### *Mr. Libbra's Work Environment Turns Toxic*

27.    In 2017, Mercer promoted Jeff Ackerman to replace Rich Dabrowski, a man in his late 50s, as Mr. Libbra's supervisor; things quickly soured.

28.    Mr. Ackerman was critical of Mr. Libbra's efforts, and treated him like he was being "lazy" by only working six accounts, even though it was a contractual mandate for the ABA RF account.

29.    Mr. Libbra's team was mostly composed of employees younger than Mr. Libbra, with about 50% the team being under 40. Mr. Ackerman routinely gave younger, more junior employees promotions, from Analyst, to Associate, to Senior Associate, to Principal.

30.    In the seven years Mr. Libbra worked under Mr. Ackerman, Mr. Ackerman never promoted anyone who was 50 years old or older.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

31.    Mr. Ackerman never promoted Mr. Libbra, even as Mr. Libbra continued to secure and nurture major client wins and revenue for Mercer.

32.    This was shocking. From 2012-2016, Mr. Libbra had received consistent promotions, raises, and high bonuses under his previous managers, Kim Wood and Rich Dabrowski. Rich Dabrowski had even put Mr. Libbra up for Partner in 2016, though Mr. Libbra ultimately did not receive this promotion. Given his trajectory at Mercer, he fully expected to make Partner in the following year or two. Despite this, Mr. Ackerman never put Mr. Libbra up for Partner in seven years of supervising him.

33.    Mr. Ackerman also had a large say in Mr. Libbra's bonus compensation, which was completely discretionary.

34.    Bonuses at Mercer are decided by a Bonus committee. Supervisors are responsible for advocating for their employees' bonuses. Mercer's general practice is that the more revenue a consultant brings in and manages, the higher their bonus.

35.    Mr. Ackerman refused to advocate for Mr. Libbra, resulting in Mr. Libbra earning significantly less money under his reign.

36.    In 2015, before Ms. Ackerman became his supervisor, Mr. Libbra earned a $90,000 bonus, and in 2016, a $103,000 bonus.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

37.    After Mr. Ackerman became his supervisor in 2017, Mr. Libbra's bonuses plummeted.

38.    Mr. Libbra asked Mr. Ackerman why he had decreased his bonus. Mr. Ackerman coldly responded, "You make a lot of goddamn money," and walked out of the room.

39.    Mr. Ackerman's harsh, accusatory, and confrontational management style caused and would continue to cause REDACTED ████████████████████████████.

40.    REDACTED ████████████████████████████████.

41.    REDACTED ██████████████████████.

42.    Mr. Libbra reported his injury of REDACTED ; he spoke to Mr. Ackerman about REDACTED

43.    Meanwhile, Mr. Libbra's shoulder, which already was sensitive, had become further injured and aggravated as a result of stress put on it by his continuous travel and needing to carry items while traveling in the course of his work.  His injury was also worsened by repetitive and continuous use of a computer/typing.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

44.    Mr. Libbra talked to Mr. Ackerman and his coworkers frequently about his shoulder injury and that he was in pain.

45.    Mr. Libbra's work at Mercer was the prevailing factor in causing both worsened **REDACTED** and an aggravated shoulder injury.

46.    The work under Mr. Ackerman became even more intense.

47.    At the same time, Mr. Ackerman would frequently lose his temper at Mr. Libbra, acting in an uncalled-for, hostile, and aggressive way.

48.    Mr. Ackerman's expectations became unreasonable and ultimately impossible to fulfill.

49.    For example, Mr. Ackerman improperly reprimanded Mr. Libbra for not properly logging his hours.

50.    Mr. Ackerman instructed Mr. Libbra to log hours if he "even thinks about a client."

51.    Just a few weeks later, in Mr. Libbra's performance review, Mr. Ackerman contradicted his own directive and accused Mr. Libbra of lying on his timesheets and overlogging his hours.

52.    Mr. Libbra explained that his high workload and logged hours resulted from several factors: extensive travel for the ABA RF relationship, covering for two fired team members, taking on the Stable Value Search project, and managing two additional client relationships on his own after

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

Mercer fired Phil Suess, a 62-year-old man, and Paul Langanki, a man in his late-40s.

53.     Mr. Libbra was also working as the lead consultant for the Direct Account Plan (DAP) while serving as the lead consultant for Greyhound Lines, even though Mercer had planned to transition that account to Mr. Langanki.

54.     Given his excessive logged hours and demanding accounts, Mr. Libbra asked Mr. Ackerman for help during his performance review and told him he was overwhelmed by his workload

55.     Mr. Ackerman ignored Mr. Libbra's pleas for help and accused him again of lying, saying angrily, "I don't believe you put in all these hours," and "I don't think you're as good as you think you are."

56.     When Mr. Libbra asked what he meant, Mr. Ackerman replied, "I don't think you are as good as you think you are…I spoke to Jeremy France. I spoke to Rich Joseph. I don't think you are as good as you think you are."[1]

57.     Mr. Libbra remained calm and asked for clarification, but Mr. Ackerman just smirked.

---

[1] Jeremy France was the Client Relationship Manager for the ABA RF account, and Rich Joseph was the OCIO Sales Leader. Mr. Ackerman implied they had expressed concerns about Mr. Libbra's performance.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

58.    When Mr. Libbra asked for specific feedback so he could improve, Mr. Ackerman wrinkled his face and responded in a nasty, aggressive tone, "Oh, you'll get your day in court."

59.    When Mr. Libbra pressed him further, he said again and again: "Oh, you'll get your day in court."

60.    Mr. Ackerman then accused Mr. Libbra of using the six-client limit as an excuse to avoid generating new sales, despite knowing Mr. Libbra was contractually bound by this limit under the terms of the ABA RF contract.

61.    Mr. Ackerman berated Mr. Libbra, telling him, "Unless Jeremy France comes down from on high and states otherwise, you have to generate new sales just like everyone else."

62.    About a month after his performance review, Mr. Libbra raised concerns to Mercer's upper management that his new assignments forced him to exceed the six-client limit required by his ABA RF contract.

63.    Although senior leaders, like Marc Madias (Mr. Ackerman's manager at the time) and Jay Love (a Partner at Mercer), acknowledged that his workload was excessive and agreed to reduce his client load and performance expectations, they never followed through.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

64.    Mercer then misrepresented his staffing level to the ABA RF Board in their Annual Staffing Report, falsely stating he managed only six clients when he was actually managing at least eight.

> **Liana Magner**
> Senior Service Representative
> No more than 6 clients total
>
> **Joe Libbra**
> Primary Service
> Representative
> No more than 6 clients total
>
> **James LaFleur**
> Service Representative

65.    Mr. Libbra once again reported his work-related REDACTED to Mr. Ackerman.

66.    Mr. Ackerman replied, "Yeah, medical issues are a bitch."

67.    Mr. Libbra and Mr. Ackerman talked about how REDACTED . Mr. Ackerman dismissively told Mr. Libbra, "I don't understand it. I don't get it."

68.    Around this time, a Mercer employee REDACTED , took medical leave.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

69.    Mr. Ackerman complained to Mr. Libbra that he wanted to fire REDACTED but was not allowed to. He was frustrated that REDACTED was taking time off for medical reasons.

70.    He said, "I don't understand. This kid's taking time off work. It's so hard to fire people these days."

71.    Pretending he was talking to REDACTED, Mr. Ackerman said to Mr. Libbra, "You need to get your shit together!"

72.    Mr. Ackerman had no tolerance for employees who needed medical leave or the laws protecting them. He wanted to fire these employees.

### Mr. Libbra Lands Large Accounts for Mercer. Mercer Ignores Mr. Libbra's Contributions and Rewards Younger and Less Deserving Employees Instead.

73.    McCarthy Building Company ("McCarthy") is a major general contractor in the St. Louis area; it expressed interest in hiring Mercer.

74.    Mr. Libbra had wanted this account for eight or nine years. He had completed small projects for them for free in the past, hoping for an opportunity to take them on as a full-time client.

75.    Mr. Libbra responded to an RFP from McCarthy and successfully moved through the first several rounds of interviews and pitches.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

76. Mercer asked a salesman named Ryan Thomas, who is 15 years younger than Mr. Libbra, to be involved in the "Finals" stage of this proposal. Because Mr. Thomas was new to the McCarthy account, and did not have the deep experience with McCarthy that Mr. Libbra did, his ideas were irrelevant, off-base, and would have hurt the presentation more than they could have helped it. Mr. Libbra ultimately excluded his input from the Finals presentation to McCarthy.

77. Without Mr. Thomas's input, and with Mr. Libbra's hard work, Mercer won the McCarthy account.

78. Currently, Mercer earns $400,000 annually from the McCarthy account.

79. Despite Mr. Libbra's key role in securing the McCarthy account, Mr. Ackerman only increased Mr. Libbra's bonus by $2,000. Based on the size of the account, and consistent with his past bonuses under previous supervisors at Mercer, Mr. Libbra had expected his bonus to increase $15,000-$20,000.

80. Meanwhile, Mr. Thomas, whom Mercer thrust onto the McCarthy account late in the process and didn't contribute to obtaining the client, received additional compensation of $35,000-$40,000.

15

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

81.    Mr. Libbra made clear to Mr. Ackerman that he thought this was unfair. Mr. Ackerman didn't care.

### *The Continuing Work Environment*

82.    Around this time, Mr. Libbra's shoulder got worse. He told Mr. Ackerman about how his shoulder pain was worsening and that he needed to get surgery.

83.    Mr. Ackerman was cold and callous to Mr. Libbra. He never asked Mr. Libbra how his pain was, or if he needed any time for his shoulder injury.

84.    Mr. Libbra leveraged his connections to win Snell & Wilmer, a major Washington D.C. law firm, as a new client, with an annual retainer of approximately $95,000.

85.    Despite this success, Mr. Ackerman *reduced* Mr. Libbra's bonus by $8,000. Based on the size of the client, Mr. Libbra had expected his bonus to *increase* by $8,000-$10,000, not *decrease.*

86.    Mercer gave Kyle David, Mr. Libbra's younger and more junior colleague, who had a very minor role in the Snell & Wilmer pursuit, a $10,000 bonus increase, while decreasing Mr. Libbra's bonus.

87.    Mr. David is almost two decades younger than Mr. Libbra.

88.    Despite Mr. Libbra's hard work and consistent success, Mr. Ackerman continued to target and dismiss him.

16

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

*Mercer Formally Disciplines Mr. Libbra for His Protected Anxiety and Depression Treatment and Leave*

89.    In early December 2023, Mr. Libbra attended a client holiday dinner that Mercer hosted for McCarthy.

90.    Mr. Libbra experienced REDACTED and told Mercer HR Senior Manager Hannah D'Angelo that he did not think he was able to attend the dinner. However, no other member of his team could attend, and as the most senior member on the team, he felt obligated to go.

91.    REDACTED .

92.    REDACTED .

93.    Mr. Libbra drove to the dinner. REDACTED .

94.    REDACTED

17

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

95.    He apologized to his dinner colleagues immediately, then excused himself from the dinner.

96.    Everyone thanked him for coming, and did not appear at all upset or angry.

97.    The following day, Mr. Libbra apologized to Robin Feezel, Mercer's primary McCarthy contact, who assured him it was not an issue.

98.    But Mercer management found out about this situation and decided to pursue Mr. Libbra for it.

99.    In early 2024, Mercer HR official Hannah D'Angelo called Mr. Libbra to discuss the client dinner for McCarthy.

100.    REDACTED .

101.    REDACTED .

102.    Ms. D'Angelo acknowledged Mr. Libbra's candor and told him he could "put the matter behind [him]."

103.    But on or around March 15, 2024, despite Ms. D'Angelo's assurance, Mercer called Mr. Libbra into a Zoom meeting with Ms. D'Angelo and Mr. Ackerman.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

104. ███ ████ ███ ███ ███ ████ ███ ███ ████

████████████████████████████

███████████

105. In the meeting, Ms. D'Angelo and Mr. Ackerman formally disciplined Mr. Libbra, accusing him of "unprofessional conduct" at the dinner, even though it was a direct result of REDACTED ████████████.

106. They pressured Mr. Libbra to sign a disciplinary warning under threat of firing..

107. Mr. Libbra was confused and upset. He reminded Ms. D'Angelo and Mr. Ackerman that REDACTED ███████████n.

108. Ms. D'Angelo and Mr. Ackerman moved forward with the disciplinary warning anyway; this put a negative mark in his personnel file.

### *Mercer Sidelines Mr. Libbra and Pressures Him to Leave the ABA RF Account.*

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

109. In 2024, Holly Verdeyen, a Partner at Mercer, reassigned Mr. Libbra's key duties on the ABA RF account to Will Moreton, who is in his early 30s.

110. At the same time, Mr. Ackerman's supervisor Sylvia Diez, the Central Zone Market Leader at Mercer, began pressuring Mr. Libbra to leave the ABA RF account, and ultimately forced him out of it.

111. After forcing him out of the ABA RF account, Mercer and Ms. Diez excluded Mr. Libbra from pursuing several key opportunities, including the Edward Jones Investments Request for Proposals  Mr. Libbra had worked with Edward Jones in the past and sought to take on this account, but Mercer wouldn't allow it.

112. Shortly after, a colleague approached Mr. Libbra and asked him to become Lead Consultant on the DirecTV account, as the current lead had just left Mercer.

113. Mr. Libbra agreed, excited for a new challenge.

114. Ms. Diez refused to allow Mr. Libbra to lead this account, and ominously said, "I have other plans for" Mr. Libbra.

115. Mercer then assigned a 35-year-old consultant to the role; this 35-year-old had only been at Mercer for three months.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

116.   This pattern of exclusion undermined Mr. Libbra's ability to pursue new clients and meet his revenue goals.

117.   As a result of losing the ABA RF account, the total revenue coming in from Mr. Libbra's client base dropped by millions of dollars.

118.   This lack of revenue impacted Mr. Libbra's annual bonus, which could reach into the six figures.

119.   Because Ms. Diez forced Mr. Libbra off the ABA RF account, and passed him up for opportunities in favor of his younger colleagues, Mr. Libbra knew that his next bonus would decrease significantly, decimating his total compensation.

### *Mercer Fires Mr. Libbra Right After He Takes Work-Related Medical Leave*

120.   Mr. Libbra's shoulder had finally deteriorated and he had to take medical leave for surgery.

121.   On August 1, 2024, Mr. Libbra began this medical leave. He returned to work on September 30, 2024.

122.   His shoulder had worsened as a result of his employment with Mercer, including travel and repetitive stress, which caused him significant pain. Mercer was aware of his worsening shoulder injury.

123.   This time off was Mr. Libbra's first medical leave in 17 years of employment with Mercer.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

124.    During his 8.5-week leave, from August 1, 2024, to September 30, 2024, Mr. Libbra stayed engaged by checking emails, attending internal meetings, and working on client projects.

125.    On November 11, 2024, Mr. Ackerman scheduled a "Catch-Up Call" with Mr. Libbra for November 13, 2024, without stating its purpose.

126.    On November 13, 2024, when Mr. Libbra joined the meeting, Mr. Ackerman was alone in the meeting room. Despite not being listed on the invite list for the meeting, Ms. D'Angelo joined moments later.

127.    Mr. Ackerman, and Ms. D'Angelo then informed Mr. Libbra that his position was being eliminated by a Reduction-in-Force ("RIF"), and that he would be terminated effective December 31, 2024.

128.    Mr. Ackerman hurriedly left the meeting, muttering, "I'm going to sign off now, Hannah is going to give you some details about severance."

22

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

129.   Based on the data provided by Mercer after this RIF, nationwide, the average age for an employee selected in Mercer's RIF was 46.89.



130.   If an employee was 40 years old or older, the employee was more than twice as likely to get chosen for Mercer's RIF.

131.   In St. Louis, all four people selected by Mercer were well over 40. Their ages were 57, 62, 49, and 63, with an average age of 57.75.

132.   Mercer did not select one person below the age of 40 in St. Louis for their RIF.

133.   Mercer looks at employees' disciplinary files when deciding whom to include in a RIF. Because of the disciplinary warning arising from the

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

medication incident, Mr. Libbra had a formal disciplinary document in his personnel file. Mercer used this discipline in its decision to fire Mr. Libbra.

134. Mercer's told Mr. Libbra that it was firing him just 44 days after he returned from his medical leave for his shoulder injury and surgery. This means Mercer had made the decision much sooner, and likely during or only a few days after Mr. Libbra's protected leave.

135. Upon information and belief, Mercer evaluates employee performance in part based on numerical quotas and metrics for given periods of time. Upon information and belief, Mercer did not adjust Mr. Libbra's metrics to account for the time he was out on protected leave. In other words, while his numerator of revenue produced was smaller because he had less time to work, Mercer did not adjust his denominator to account for the time off being legally protected.

136. Mr. Ackerman knew it was "hard to fire people," and used the RIF as the perfect pretext for firing Mr. Libbra.

137. Mr. Libbra filed a timely Charge of Discrimination with the Missouri Commission on Human Rights.

138. The MCHR has completed its administrative processing, and issued a right-to-sue letter. He has exhausted his administrative remedies.

24

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

139.   Mr. Libbra brings this action pursuant to the Missouri Workers' Compensation Law, Chapter 287, RSMo, and the Missouri Human Rights Act, Chapter 213, RSMo.  To the extent that Mercer contends that any of Mr. Libbra's claims are overlapping or inconsistent, Mr. Libbra expressly invokes his right to plead alternative and/or inconsistent theories, pursuant to Missouri Supreme Court Rule 55.10.

### COUNT I
### DISCRIMINATION FOR THE EXERCISE OF WORKERS' COMPENSATION RIGHTS
### RSMo 287.780

140.   Mr. Libbra incorporates each and every other paragraph of this Petition as if fully set forth here.

141.   The Missouri Workers' Compensation Law, RSMo Chapter 287, gives employees the right to report on-the-job injuries, to seek medical care for those injuries, and to have time off of work to seek treatment and recuperate from injuries, among other rights.

142.   Defendants were employers, and Mr. Libbra was an employee, within the meaning of the Workers' Compensation Law.

143.   Mr. Libbra suffered one or more workplace injuries, in which the work was the prevailing factor in causing and/or aggravating the condition:

   a.  A shoulder injury/condition; and

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

b. **REDACTED** REDACTED

144. Mr. Libbra exercised rights granted by the Workers' Compensation Law in that he reported his injuries, took time off work related to the injuries, and received medical treatment for the injuries.

145. Defendants disciplined and then discharged Mr. Libbra.

146. Mr. Libbra's protected actions actually played a role in and had a determinative influence in Defendants' employment decisions.

147. Mercer's St. Louis office has a documented history of firing at least one other employee, E.M.M., after she exercised her workers' compensation rights.

148. Mercer's actions directly caused or directly contributed to cause damage to Mr. Libbra.

149. Mercer intentionally harmed Mr. Libbra without just cause, justifying punitive damages.

150. Mr. Libbra respectfully prays that this Court adjudge Defendants liable for discrimination for the exercise of workers' compensation rights, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

## COUNT II
## VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
## RSMo CHAPTER 213
## AGE DISCRIMINATION

151.   Mr. Libbra incorporates each and every other paragraph of this Petition as if fully set forth here.

152.   Mr. Libbra was an employee, and Mercer was an employer, within the meaning of the Missouri Human Rights Act.

153.   Mr. Libbra was 57 years old at the time Mercer fired him.

154.   Mercer denied Mr. Libbra account opportunities, denied him bonus pay he should have received while younger employees received it, failed to promote him, disciplined him, and terminated him in an age-related RIF.

155.   Mercer repeatedly credited major client wins to substantially younger colleagues, despite Mr. Libbra being the primary driver of those accounts.

156.   Mercer attributed the McCarthy account retention to Ryan Thomas, a colleague 15 years younger than Mr. Libbra and not in an age-protected category, who played no meaningful role in winning the client.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

157. Mercer credited retention of the Snell & Wilmer account to Kyle Davis, a colleague nearly two decades younger than Mr. Libbra and not in an age-protected category, while reducing his bonus.

158. Mercer assigned Holly Verdeyen to be the Client Manager for the ABA RF account, who immediately excluded Mr. Libbra from the ABA RF account he had secured and assigned his key duties—including the Stable Value conference presentation he had led since 2019—to Will Moreton, a less experienced colleague in his early 30s.

159. Mercer and Ms. Diez excluded 57-year-old Mr. Libbra from pursuing the Edward Jones Investments RFP and the DirecTV Lead Consultant role, assigning these opportunities to younger, less experienced consultants instead.

160. Mercer fired Mr. Libbra at age 57.

161. These items of evidence of bias are not exhaustive, and Mr. Libbra believes more will emerge in discovery.

162. Mr. Libbra's age actually played a role in and had a determinative influence in Defendants' employment decisions.

163. Mercer's actions directly caused damage to Mr. Libbra.

164. Mercer intentionally harmed Mr. Libbra without just cause, justifying punitive damages.

28

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

165.    Mr. Libbra respectfully prays that this Court adjudge Defendants liable for age discrimination in violation of the Missouri Human Rights Act, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

<u>COUNT III</u>
**VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**
**RSMo CHAPTER 213**
**DISABILITY DISCRIMINATION**

166.    Mr. Libbra incorporates each and every other paragraph of this Petition as if fully set forth here.

167.    Mr. Libbra was an employee, and Mercer was an employer, within the meaning of the Missouri Human Rights Act.

168.    Mr. Libbra was disabled within the meaning of the Missouri Human Rights Act:  in addition to or in the alternative to being workplace injuries, his REDACTED and shoulder condition substantially affected major life activities. In addition, Mr. Libbra had a record of disability and was regarded as disabled.

169.    Mr. Libbra was able to perform the essential functions of his job with or alternatively without reasonable accommodation, as demonstrated by his excellent performance and the high volume of key clients he landed and retained during his tenure

29

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

170. Mercer denied Mr. Libbra account opportunities, denied him bonus pay he should have received while other employees received it, failed to promote him, disciplined him, and terminated him.

171. Mr. Libbra's actually played a role in and had a determinative influence in Defendants' employment decisions.

172. Mercer's actions directly caused damage to Mr. Libbra.

173. Mercer intentionally harmed Mr. Libbra without just cause, justifying punitive damages.

174. Mr. Libbra respectfully prays that this Court adjudge Defendants liable for disability discrimination in violation of the Missouri Human Rights Act, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT IV
## VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT
### RSMo CHAPTER 213
### RETALIATION

175. Mr. Libbra incorporates each and every other paragraph of this Petition as if fully set forth here.

176. Mr. Libbra engaged in protected activity by opposing discriminatory treatment and requesting reasonable accommodation.[2]

---

[2] Mr. Libbra acknowledges that the Missouri Supreme Court has previously ruled that requesting reasonable accommodation does not in itself qualify as a protected activity under the MHRA. He raises this claim in a good-faith

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

177.  Mercer denied Mr. Libbra account opportunities, denied him bonus pay he should have received while other employees received it, failed to promote him, disciplined him, and terminated him.

178.  Mr. Libbra's protected activity actually played a role in and had a determinative influence in Defendants' employment decisions.

179.  Mercer's actions directly caused damage to Mr. Libbra.

180.  Mercer intentionally harmed Mr. Libbra without just cause, justifying punitive damages.

181.  Mr. Libbra respectfully prays that this Court adjudge Defendants liable for discrimination in violation of the Missouri Human Rights Act, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## DEMAND FOR A JURY TRIAL

Mr. Libbra respectfully demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff J. M. Libbra respectfully prays that this Court grant him the following relief, in an amount that is fair and reasonable and is believed to be in excess of $25,000:

---

request to revisit the law, especially in light of statutory changes enacted by the Legislature.

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

1.   Actual economic damages, including lost wages, benefits, and projected future earnings and promotions;

2.   Other actual damages, including damages for emotional distress;

3.   Punitive damages;

4.   Adjustment for the tax consequences of any award;

5.   Pre-judgment and post-judgment interest at the maximum rate permitted by law;

6.   Declaratory and injunctive relief, including but not limited to backpay, frontpay, and removal of negative references in personnel records, as may be appropriate;

7.   Attorney's fees and expenses, including expert witness fees;

8.   The costs of this action; and

9.   Any other and further relief provided by Missouri law that this Court deems just and proper.

Dated: February 8, 2026             Respectfully submitted,

                                     KEENAN & BHATIA, LLC

                                     */s/Hilary Orzick, Sonal Bhatia,*
                                     *and E.E. Keenan*

| Sonal Bhatia | (Mo. #67519) |
| Edward (E.E. Keenan) | (Mo. #62993) |
| James R. Montgomery | (Mo. #68281) |
| Aaron Hadlow | (Mo. #70987) |
| Hilary J. Orzick | (Mo. #78359) |

32

4625 Lindell Blvd.
Suite 200
St. Louis, MO  63108
(816) 809-2100

sonal@keenanfirm.com
ee@keenanfirm.com
jr@keenanfirm.com
aaron@keenanfirm.com
hilary@keenanfirm.com

*Attorneys for Plaintiff J. M. Libbra*

Electronically Filed - City of St. Louis - February 08, 2026 - 10:13 PM

Electronically Filed - CITY OF ST. LOUIS - February 13, 2026 - 10:28 AM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| **J. M. LIBBRA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 2622-CC00273 |
| | ) | |
| **MERCER INVESTMENTS, LLC.** | ) | |
| **et al.,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## MOTION FOR APPROVAL & APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff J. M. Libbra hereby moves the Court and requests an order appointing HPS Process Service & Investigations, Inc. and/or its Agents as Special Process Server(s) in the above-captioned matter. Mr. Libbra asks that these servers be allowed to serve the Petition and Summons on the named Defendant.

Dated: February 13, 2026          Respectfully submitted,

KEENAN & BHATIA, LLC

*/s/ E.E. Keenan*

| | |
|---|---|
| Sonal Bhatia | (Mo. #67519) |
| Edward (E.E.) Keenan | (Mo. #62993) |
| James R. Montgomery | (Mo. #68281) |
| Aaron Hadlow | (Mo. #70987) |
| Hilary J. Orzick | (Mo. #78359) |

1

Electronically Filed - CITY OF ST. LOUIS - February 13, 2026 - 10:28 AM

4600 Madison Ave. Ste. 810
Kansas City, Missouri 64112
Tel: (816) 809-2100
sonal@keenanfirm.com
ee@keenanfirm.com
jr@keenanfirm.com
aaron@keenanfirm.com
hilary@keenanfirm.com
*Attorneys for Plaintiff J. M. Libbra*

## CERTIFICATE OF SERVICE

I certify that on February 13, 2026, I filed the foregoing with the Court's ECF, which automatically served an electronic copy of this record upon all counsel and / or parties of record.

*/s/ E.E. Keenan*
_____
Attorney for Plaintiff

2

Electronically Filed - CITY OF ST. LOUIS - February 13, 2026 - 10:29 AM

## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
## (CITY OF ST. LOUIS)

**FILED**

FEB 18 2026
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

|  |  |
|---|---|
| **J. M. LIBBRA,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )     Case No. 2622-CC00273 |
| | ) |
| **MERCER INVESTMENTS, LLC.** | ) |
| **et al.,** | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

### ORDER APPOINTING SPECIAL PROCESS SERVERS

It is hereby ordered that Mr. Libbra's Motion for an Order Appointing Special Process Servers is hereby sustained. Martin Hueckel, the approved process server for the City of St. Louis, employed by Hatfield Process Servers, is appointed to serve this action.

_2/18/26_
Date

By: _(signature)_

ENTERED

FEB 19 2026

KEB



# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00273 | |
|---|---|---|
| Plaintiff/Petitioner:<br>J.M. LIBBRA | Plaintiff's/Petitioner's Attorney/Address<br>EDWARD EMMETT KEENAN<br>460 NICHOLS RD<br>STE 200<br>KANSAS CITY, MO 64112 | |
| vs. | | |
| Defendant/Respondent:<br>MERCER INVESTMENTS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

The State of Missouri to:   **MERCER INVESTMENTS LLC**
**Alias:**
**RA - CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD SUITE 4B**
**ST LOUIS, MO 63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

_____
2/19/2026
Date

_____
Clerk

**Further Information:**

**Case Number: 2622-CC00273**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
        Printed Name of Officer or Server                              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____
                                                               Date                                Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00273 |
| Plaintiff/Petitioner:<br>J.M. LIBBRA | Plaintiff's/Petitioner's Attorney/Address<br>EDWARD EMMETT KEENAN<br>460 NICHOLS RD<br>STE 200<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>MERCER INVESTMENTS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp for Return) |

The State of Missouri to:    **MERCER (US) LLC**
                             **Alias:**
                             **RA - CT CORPORATION SYSTEM**
                             **5661 TELEGRAPH RD SUITE 4B**
                             **ST LOUIS, MO 63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*

*CITY OF ST LOUIS*

_____2/19/2026_____
Date

_____
Clerk

**Further Information:**

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-1521**
1 of 2 (2622-CC00273)                Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                                     54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____        _____
        Printed Name of Officer or Server                        Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*        My commission expires: _____ _____
                                                    Date                        Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Saint Louis (City)**                    **Circuit Court**

Case Number: 2622-CC00273

Plaintiff/Petitioner:
**J.M. LIBBRA**

vs.

Defendant/Respondent:
**MERCER INVESTMENTS LLC, et al**

Received by HPS Process Service & Investigations to be served on **Mercer Investments LLC c/o CT Corporation System, 5661 Telegraph Road, Suite 4B, St. Louis, MO 63129**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **20th day of February, 2026** at **12:52 pm, I**:

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Dan Schrader, Intake Specialist** at the address of **5661 Telegraph Road, Suite 4B, St. Louis, MO 63129**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Subscribed and Sworn to before me on the ___2___ day
of __MARCH__, __2026__ by the affiant who is
personally known to me.

NOTARY PUBLIC

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar 14, 2029
Commission #13460023

Our Job Serial Number: HAT-2026003203

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Electronically Filed - CITY OF ST. LOUIS - March 03, 2026 - 01:21 PM

Electronically Filed - CITY OF ST. LOUIS - March 03, 2026 - 01:21 PM



# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00273 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>J.M. LIBBRA | Plaintiff's/Petitioner's Attorney/Address<br>EDWARD EMMETT KEENAN<br>460 NICHOLS RD<br>STE 200<br>KANSAS CITY, MO 64112 | |
| vs. | | |
| Defendant/Respondent:<br>MERCER INVESTMENTS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

The State of Missouri to:  **MERCER INVESTMENTS LLC**
**Alias:**
**RA - CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD SUITE 4B**
**ST LOUIS, MO 63129**

Other Addresses:

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

2/19/2026
Date

Thomas Kloeppinger
Clerk

**Further Information:**

Electronically Filed - CITY OF ST. LOUIS - March 03, 2026 - 01:21 PM

**Case Number: 2622-CC00273**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

_____Dan Schroer_____ (name) _Zittke Spec._____ (title).

☐ other: _____.

Served at __5661 Telegraph Rd, Ste 4B, ST Louis, MO 63129___ (address)
in ____ST Louis____ (County/City of St. Louis), MO, on __2/20/2026__ (date)
at __1252pm__ (time).

_____Martin Hueckel_____           _____Martin Hueckel_____
Printed Name of Officer or Server           Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on __2/23/2026__ (date).

(Seal)

My commission expires: __3/14/29__           _____Nick Zotti_____
                                          Date                      Notary Public

NICK ZOTTI
Notary Public - Notary Seal
State of Missouri
St. Charles County
My Commission Expires: Mar. 14, 2029
Commission #13460023

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - March 03, 2026 - 01:17 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Saint Louis (City)**                    **Circuit Court**

Case Number: 2622-CC00273

Plaintiff/Petitioner:
**J.M. LIBBRA**

vs.

Defendant/Respondent:
**MERCER INVESTMENTS LLC, et al**

Received by HPS Process Service & Investigations to be served on **Mercer Investments LLC c/o CT Corporation System, 5661 Telegraph Road, Suite 4B, St. Louis, MO 63129.**

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **20th day of February, 2026** at **12:52 pm, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Dan Schrader, Intake Specialist** at the address of **5661 Telegraph Road, Suite 4B, St. Louis, MO 63129.**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.  I declare under penalty of perjury that the foregoing is true and correct.

**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the ___2___ day of ___MARCH___, ___2026___ by the affiant who is personally known to me.

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

NOTARY PUBLIC

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar 14, 2029
Commission #13460023

Our Job Serial Number: HAT-2026003203

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Electronically Filed - CITY OF ST. LOUIS - March 03, 2026 - 01:17 PM



# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division: CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00273 |
| Plaintiff/Petitioner: J.M. LIBBRA | Plaintiff's/Petitioner's Attorney/Address EDWARD EMMETT KEENAN 460 NICHOLS RD STE 200 KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent: MERCER INVESTMENTS LLC | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO 63101 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | (Date File Stamp for Return) |

The State of Missouri to:    **MERCER INVESTMENTS LLC**
Alias:
**RA - CT CORPORATION SYSTEM
5661 TELEGRAPH RD SUITE 4B
ST LOUIS, MO 63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

2/19/2026
_____
Date

_____
Clerk

**Further Information:**

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-1520**
1 of 2 (2622-CC00273)
Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case Number: 2622-CC00273

Electronically Filed - CITY OF ST. LOUIS - March 03, 2026 - 01:17 PM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

_____Dan Schroan_____ (name) __Zitmke Spec.__ (title).

☐ other: _____.

Served at __5661 Telegraph Rd. Ste 4B, ST Louis, MO 63129__ (address)
in _____ST Louis_____ (County/City of St. Louis), MO, on __2/20/2026__ (date)
at __1252pm__ (time).

_____Mirchin Nueckel_____          _____Martin Hrecel_____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on __2/23/2026__ (date).

(Seal)

My commission expires: __3/14/29__          _____Nil Zt_____
                              Date                    Notary Public

NICK ZOTTI
Notary Public - Notary Seal
State of Missouri
St. Charles County
My Commission Expires: Mar. 14, 2029
Commission #13460023

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - March 03, 2026 - 01:23 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**               **County of Saint Louis (City)**                **Circuit Court**

Case Number: 2622-CC00273

Plaintiff/Petitioner:
**J.M. LIBBRA**

vs.

Defendant/Respondent:
**MERCER INVESTMENTS LLC, et al**

Received by HPS Process Service & Investigations to be served on **Mercer (US) LLC c/o CT Corporation System, 5661 Telegraph Road, Suite 4B, St. Louis, MO 63129.**

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **20th day of February, 2026** at **12:52 pm, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; and Petition** to **Dan Schrader, Intake Specialist** at the address of **5661 Telegraph Road, Suite 4B, St. Louis, MO 63129.**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the __2__ day
of __MARCH__, __2026__ by the affiant who is
personally known to me,

_____
NOTARY PUBLIC NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2029
Commission #13460023

**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2026003204

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a



# Summons in Civil Case

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00273 |
| Plaintiff/Petitioner:<br>J.M. LIBBRA<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>EDWARD EMMETT KEENAN<br>460 NICHOLS RD<br>STE 200<br>KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>MERCER INVESTMENTS LLC<br><br>Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |

(Date File Stamp for Return)

**The State of Missouri to:**   MERCER (US) LLC
**Alias:**
**RA - CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD SUITE 4B**
**ST LOUIS, MO 63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

2/19/2026
Date

_Thomas Kloppinger_
Clerk

**Further Information:**

Electronically Filed - CITY OF ST. LOUIS - March 03, 2026 - 01:23 PM

Case Number: 2622-CC00273

Electronically Filed - CITY OF ST. LOUIS - March 03, 2026 - 01:23 PM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

_____Dan Schroder_____ (name) _Intake spec._ (title).

☐ other: _____.

Served at _5661 Telegraph Rd. Ste 4B, St Louis, MO 63129_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _02/20/2026_ (date)

at _1252pm_ (time).

_Monika Needal_ — Printed Name of Officer or Server

_Martin Needal_ — Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _02/23/2026_ (date).

(Seal)

My commission expires: _3/14/29_

Date

_Nick Zotti_ — Notary Public

NICK ZOTTI
Notary Public - Notary Seal
St. Charles County
My Commission Expires: Mar. 14, 2029
Commission #13460023

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.