UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J.M. LIBBRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00410-SRC |
| | ) | |
| MERCER INVESTMENTS LLC and | ) | |
| MERCER (US) LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum and Order

J.M. Libbra sued Mercer Investments LLC and Mercer (US) LLC (collectively "Mercer")

in Missouri state court, alleging that they violated Missouri's Workers' Compensation Law and

the Missouri Human Rights Act by terminating his employment.  Mercer removed this case to

federal court, arguing that Libbra fraudulently pleaded a workers'-compensation claim to avoid

removal.  Libbra now moves to remand this case to Missouri state court, while Mercer moves to

partially dismiss Libbra's complaint for failure to state a claim.  For the reasons explained below,

the Court grants Libbra's motion to remand and denies as moot Mercer's motion to dismiss.

## I.      Background

### A.      Factual background

Libbra began working for Mercer as an investment consultant in 2008.  Doc. 32 at ¶ 12.

In 2017, Mercer promoted Jeff Ackerman to replace Libbra's former supervisor—and, according

to Libbra, "things quickly soured."  *Id.* at ¶ 27.  Ackerman allegedly criticized Libbra's work,

called him "lazy," *id.* at ¶ 28, and "frequently los[t] his temper" with Libbra, *id.* at ¶ 47.  Libbra

asserts that Ackerman's "harsh, accusatory, and confrontational management style caused and

would continue to cause [Libbra] to experience severe anxiety and depression."  *Id.* at ¶ 39.  He

describes this anxiety and depression as "extraordinary and unusual," and not a result of "good-faith personnel action." *Id.* at ¶ 40.  So, Libbra sought medical treatment and received a prescription to help with these conditions. *Id.* at ¶ 91; *see id.* at ¶ 41.  Libbra also "reported his injury of work-related stress" by speaking to Ackerman about his depression and anxiety. *Id.* at ¶ 42; *see also id.* at ¶¶ 65–67.  Then, in 2024, Mercer reprimanded Libbra and gave him a disciplinary warning because he left early from a client dinner after his anxiety medication "unexpectedly made him drowsy." *Id.* at ¶ 94; *see id.* at ¶¶ 89–108.

Separately, Libbra alleges that his shoulder, "which already was sensitive, [became] further injured and aggravated" from continuous, work-related travel and computer use for Mercer. *Id.* at ¶ 43.  Libbra attests that he "frequently" informed Ackerman about his shoulder injury, told him "that he was in pain," *id.* at ¶ 44, and stated that he would need surgery, *id.* at ¶ 82.  He also states that "Mercer was aware of his worsening shoulder injury." *Id.* at ¶ 122.  Libbra's shoulder eventually deteriorated, so he took medical leave beginning on August 1, 2024, to undergo shoulder surgery. *Id.* at ¶¶ 120–21.  He returned to work on September 30, 2024. *Id.* at ¶ 121.  Six weeks later, Mercer informed Libbra "that his position was being eliminated by a Reduction-in-Force ("RIF"), and that he would be terminated effective December 31, 2024." *Id.* at ¶ 127.

Libbra sued Mercer, asserting many claims under the Missouri Human Rights Act. *See id.* at ¶¶ 151–81.  And, most relevant here, Libbra alleges that Mercer discriminated against him in violation of Missouri's Workers' Compensation Law. *Id.* at ¶¶ 140–50.

**B.      Procedural background**

Libbra initially filed his complaint in the Circuit Court of St. Louis City, Missouri in February 2026.  *See* doc. 5 (A "petition" in Missouri state court serves as the analogue of a

federal "complaint," and the Court uses the latter term.).  Mercer removed the case to federal court the following month, asserting that this Court has subject-matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332.  Doc. 1 at ¶¶ 8–25.  Mercer argues that, despite Libbra's contention that his claim under Missouri's Workers' Compensation Law prevents the removal of this action, *see* doc. 32 at ¶ 6, Mercer could still remove this case because Libbra fraudulently joined that claim to defeat removal, *see* doc. 1 at ¶¶ 26–38.  After removing this case, Mercer filed its answers, docs. 17–18, as well as a motion for partial dismissal of Libbra's complaint, doc. 19.  Libbra now moves to remand this case to state court, arguing that his claim under Missouri's Workers' Compensation Law bars removal of this case.  *See* doc. 24 at 1 (The Court cites to page numbers as assigned by CM/ECF.).  The parties have fully briefed these motions, *see* docs. 31, 36, 40, 43, making them ripe for the Court's review.

## II.     Standard

A defendant may remove to federal court any state-court civil action over which the federal court could exercise original jurisdiction, 28 U.S.C. § 1441(a), including "all civil actions where the matter in controversy exceeds" $75,000, "exclusive of interest and costs, and [the dispute] is between . . . citizens of different States," 28 U.S.C. § 1332(a)(1).  "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  The federal court must remand the case to state court if it appears the federal court lacks subject-matter jurisdiction.  28 U.S.C. § 1447(c); *see Prempro*, 591 F.3d at 620.  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  *Prempro*, 591 F.3d at 620.

### III.     Discussion

#### A.      Motion to remand

A defendant may not remove a state-court civil action to federal court if the action "aris[es] under the workmen's compensation laws of such State."  28 U.S.C. § 1445(c).  Section 1445(c) thus "prevents removal of cases 'arising under' state worker's compensation law even where there is diversity of citizenship between the parties."  *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998).  Under Missouri law, "[a]ny employee who has been discharged or discriminated against [for exercising rights under Missouri's Workers' Compensation Law] shall have a civil action for damages against his or her employer."  Mo. Rev. Stat. § 287.780.  The Eighth Circuit has held that "a retaliatory[-]discharge claim pursuant to Mo. Rev. Stat. § 287.780 'arises under' Missouri worker's compensation law."  *Johnson*, 159 F.3d at 1116 (citing *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995)).

Here, Libbra brings a claim under Missouri's Workers' Compensation Law, Mo. Rev. Stat. § 287.780.  *See* doc. 32 at ¶¶ 140–50.  Mercer does not dispute that a sufficiently pleaded Missouri Workers' Compensation Law claim bars removal.  *See* doc. 1 at ¶ 26; doc. 36 at 6.  Rather, it argues that Libbra fraudulently pleaded that claim to avoid federal jurisdiction.  Doc. 1 at ¶¶ 27–38; doc. 36 at 6–13.

Although a plaintiff generally "may by the allegations of his complaint determine the status with respect to removability of a case," *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918), he may not fraudulently plead a non-removable claim to avoid federal jurisdiction, *see, e.g.*, *Tumlin-Piper v. United Healthcare Servs., Inc.*, No. 4:21-cv-00477-SRC, 2021 WL 3268356, at *2 (E.D. Mo. July 30, 2021); *Dunbar v. Midland States Bancorp, Inc.*, No. 4:23-cv-01394-SEP, 2024 WL 4459343, at *3 (E.D. Mo. Oct. 10, 2024).  To establish fraudulent joinder,

a defendant must show that the claim is "so baseless . . . as to constitute a fraudulent attempt to defeat the jurisdiction of the federal court.'" *Farmers' Bank & Tr. Co. v. Atchison, T. & S.F. Ry. Co.*, 25 F.2d 23, 29 (8th Cir. 1928).  Put differently, the defendant must show that "there exists no reasonable basis in fact and law supporting a claim."  *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).  But, if plaintiff asserts "a 'colorable' cause of action—that is, if the state law *might* impose liability . . . under the facts alleged—then there is no fraudulent joinder." *Id.*

To state a claim under Missouri's Workers' Compensation Law, Libbra must plead facts establishing that:  (1) he was employed by Mercer before the injury; (2) he exercised a right under the Missouri Workers' Compensation Law; (3) Mercer discriminated against or discharged him; and (4) his exercise of rights under the statute was a motivating factor in his termination.  *See* Mo. Rev. Stat. § 287.780; *Tumlin-Piper*, 2021 WL 3268356, at *2 (citations omitted).  "Motivating factor" means that "the employee's exercise of his or her rights . . . actually played a role in the discharge or discrimination and had a determinative influence on the discharge or discrimination."  Mo. Rev. Stat. § 287.780.

The Court finds that Libbra pleads all the elements of a claim under section 287.780. First, he alleges that Mercer employed him beginning in 2008—that is, well before his shoulder injury became aggravated from work-related travel and computer use.  *See* doc. 32 at ¶¶ 10, 43, 45, 143.  Second, Libbra alleges exercising a right under the statute by telling Ackerman about his worsening shoulder injury, *id.* at ¶¶ 44, 82, 122; telling Ackerman that he needed shoulder surgery, *id.* at ¶ 82; and taking medical leave to undergo shoulder surgery, *id.* at ¶¶ 120, 144. Third, Libbra alleges that Mercer fired him.  *Id.* at ¶¶ 127, 145.  Finally, Libbra alleges that his exercise of rights under the statute "actually played a role in and had a determinative influence

in" Mercer's employment decision because Mercer fired Libbra 44 days after he returned from medical leave. *Id.* at ¶ 146; *see id.* at ¶ 134.

Mercer argues that Libbra's shoulder injury was preexisting and therefore did not occur during Libbra's employment with Mercer. *See* doc. 36 at 8–9. But even if Libbra's allegation that his shoulder was "already . . . sensitive," doc. 32 at ¶ 43, creates a closer question about whether he will prevail on the merits of his workers'-compensation claim, the Court does not find that this allegation renders Libbra's claim "so baseless" as to be fraudulent. *See Farmers' Bank*, 25 F.2d at 29. Rather, as noted above, Libbra alleges that his "sensitive" shoulder did not become aggravated and require surgery until after he started working for Mercer. *See* doc. 32 at ¶¶ 10, 43, 45, 143.

Mercer also argues that Libbra did not adequately plead the exercise a right under Missouri's Worker's Compensation Law. *See* doc. 36 at 11–12; *id.* at 12 n.5. Again, the Court disagrees. Libbra alleges telling Ackerman about his shoulder injury, taking medical leave, and receiving shoulder surgery. *See* doc. 32 at ¶¶ 44, 82, 120–21, 144. "Such actions as receiving medical treatment for a work-related injury, providing notice of such an injury to an employer, and interim disability from work are incidents of compensable benefits and amount to the exercise of rights under the [Missouri Workers' Compensation Law]." *Dame v. Sw. Bell Tel. Co.*, No. 20-cv-00906-SRB, 2021 WL 67213, at *3 (E.D. Mo. Jan. 7, 2021) (citation modified) (quoting *Demi v. Sheehan Pipeline Constr.*, 452 S.W.3d 211, 216–17 (Mo. Ct. App. 2014)). Even if this were a closer issue, the Court must still resolve all doubts "in favor of remand to state court." *Prempro*, 591 F.3d at 620.

The Court therefore finds that Libbra has shown that "state law *might* impose liability [against Mercer] under the facts alleged." *Filla*, 336 F.3d at 810. Having found that Libbra's

6

allegations regarding his shoulder injury support a colorable claim for violation of Missouri's

Workers' Compensation Law, the Court need not determine whether Libbra's mental-health

allegations separately support his claim.  And, because Libbra's complaint does not include a

federal claim, *see* 28 U.S.C. § 1441(c), this entire action is nonremovable under 28 U.S.C.

§ 1445(c).  The Court therefore grants Libbra's motion to remand, doc. 24, and denies as moot

Mercer's motion for partial dismissal, doc. 19.

> **B.**     **Fees & costs**

Libbra next asks the Court to award him attorneys' fees and costs under 28 U.S.C.

§ 1447(c).  Doc. 24 at 15.  He argues that he is entitled to fees and costs because "Mercer's

argument finds no basis in reason," and because Libbra previously sought Mercer's consent to

remand but was unsuccessful.  *Id.*; *see also* doc. 24-1 (email seeking Mercer's consent to

remand).

"An order remanding a removed case to state court may require payment of just costs and

any actual expenses, including attorney fees, incurred as a result of the removal."  *Convent Corp.*

*v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (citation modified) (quoting *Martin v.*

*Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005)); *see also* 28 U.S.C. § 1447(c).  Courts may

award fees under section 1447(c) "only where the removing party lacked an objectively

reasonable basis for seeking removal."  *Id.* (quoting *Martin*, 546 U.S. at 141).  "In determining

whether the removing party lacked an objectively reasonable basis for seeking removal, the

district court does not consider the motive of the removing defendant."  *Id.* (citation modified).

Rather, "the court must consider the objective merits of removal at the time of removal,

irrespective of the ultimate remand."  *Id.* (citation omitted).

Here, the Court finds an award of fees and costs improper.  Libbra does not challenge Mercer's allegations that the parties are diverse or that the amount in controversy exceeds $75,000.  *See* doc. 1 at ¶¶ 8–25 (pleading diversity jurisdiction); doc. 24 (failing to controvert the existence of diversity jurisdiction); *see also* 28 U.S.C. § 1332(a).  And while 28 U.S.C. § 1445(c) bars removal of cases arising under state workmen's compensation laws, Libbra acknowledges that Missouri federal courts recognize "fraudulent claim joinder" as a defense to remand, and that these courts have sometimes barred remand on this basis.  *See* doc. 24 at 7–8 (collecting cases).  So, while Mercer's removal rested on rather tenuous grounds, on these particular facts, it did not "lack[] an objectively reasonable basis for seeking removal."  *Convent Corp.*, 784 F.3d at 483 (citation omitted).  The Court therefore denies Libbra's request for attorneys' fees and costs.  Doc. 24 at 15.

## IV.    Conclusion

Accordingly, the Court grants Libbra's [24] motion to remand, denies Libbra's [24] request for attorneys' fees and costs, and denies as moot Mercer's [19] motion for partial dismissal.  Pursuant to 28 U.S.C. § 1447(c), the Court remands this case to the Circuit Court of St. Louis City, Missouri and directs the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court.  A separate order of remand accompanies this Memorandum and Order.

So ordered this 3rd day of August 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

8